FILED
United States Court of Appeals
Tenth Circuit

August 15, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FIROUZ NOURI,

       Petitioner-Appellant,

v.

JIM FARRIS, Warden,

       Respondent-Appellee.

No. 14-5027
(D.C. No. 4:10-CV-00801-TCK-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH, MURPHY,** and **McHUGH,** Circuit Judges.

      After Firouz Nouri was convicted in Oklahoma state court of rape he filed a federal habeas petition under 28 U.S.C. § 2254. When the district court denied relief, Mr. Nouri applied for a certificate of appealability ("COA") in this court, seeking leave to contest the district court's ruling.

      We may issue a COA only if the petitioner first makes a "substantial showing of the denial of a constitutional right," supplying this court with reason to think reasonable jurists could at least debate whether his petition should have

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

been resolved in a different manner than the district court provided. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We cannot say that much in this case. The district court held that Mr. Nouri's petition was filed too late, beyond the one-year statute of limitations specified by federal statute. Before us, Mr. Nouri doesn't dispute that his petition was late but argues that the district court should've tolled the limitations period in light of new evidence proving his innocence. For a claim of actual innocence to warrant tolling, however, the Supreme Court has instructed a petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). This threshold Mr. Nouri cannot clear — just as the district court held — because his evidence is neither new nor does it compel a finding of actual innocence. Mr. Nouri's evidence consists of an affidavit and interview in which nurses admitted that certain of the victim's injuries may have pre-dated the rape. But Mr. Nouri supplies no reason why this evidence wasn't available to him at the time of trial. Indeed, Mr. Nouri's trial counsel elicited a concession from the examining nurse during cross-examination that the victim's injuries could have come from another source. And even viewed in its most favorable light, Mr. Nouri's evidence does not compel the conclusion that he is innocent of rape given the considerable remaining evidence of his guilt in this

record, including eyewitness testimony and DNA evidence.  *See* D. Ct. Order at 8-9 & n.2.

The request for a COA is denied and the matter is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge